Exhibit 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>22nd JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS** | **CASE NO.**<br>19- 628-CZ |
| **Court address**<br>101 E. Huron, Ann Arbor, MI 48104 | | Carol Kuhnke | **Court telephone no.**<br>(734) 222-3001 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| CORA HOUSE<br>c/o Blanchard & Walker, PLLC<br>221 N Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734) 929-4313 | v | MICHIGAN DEPARTMENT OF CORRECTIONS (MDOC)<br><br>c/o<br>Heidi Washington<br>Director of MDOC<br>Grandview Plaza<br>206 E. Michigan Ave.<br>P.O. Box 30003<br>Lansing, MI 48909<br>(517) 335-1426 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>David M. Blanchard (67190)<br>Frances J. Hollander (P82180)<br>Blanchard & Walker, PLLC<br>221 N Main Street, Suite 300, Ann Arbor, MI 48104<br>(734) 929-4313 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date*<br>SEP 09 2019 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (6/19) **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | |
|---|---|
| PROOF OF SERVICE | **SUMMONS** Case No. 19- |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                         Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                   Day, date, time
_____ on behalf of _____.
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

CORA HOUSE,

        Plaintiffs,

vs.

Case No. 19-628-C2
Hon. Carol Kuhnke

MICHIGAN DEPARTMENT OF
CORRECTIONS ("MDOC");
HEIDI WASHINGTON, Director of MDOC
SHAWN BREWER, Warden of the Huron
Valley Correctional Facility,

        Defendants.

_____

DAVID BLANCHARD (P67190)
FRANCES J. HOLLANDER (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com



RECEIVED
JUN 10 2019
Washtenaw County
Clerk of the Court

_____

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

## COMPLAINT AND JURY DEMAND

Plaintiff Cora House ("Plaintiff" or "Ms. House"), by and through her attorneys, Blanchard & Walker, PLLC, brings this disability discrimination claim under the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 794. As more specifically set forth below, Defendants denied Plaintiff access to and the enjoyment of an early release program solely on the basis of her disability.

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.* ("PWDCRA") and the Rehabilitation Act, 29 U.S.C. § 794. The amount in controversy exceeds twenty five thousand ($25,000) dollars, excluding interest and costs.

2. This Court has personal jurisdiction over the Defendants named herein because each is a public official sued in his or her official capacity, and the State consented to be sued for violations of the PWDCRA.

3. Venue is proper in this Court because MDOC operates a facility in Washtenaw County, and the events that gave rise to Plaintiff's injury occurred in this facility

## PARTIES

4. Plaintiff Cora House ("Plaintiff" or "Ms. House") is an insulin-dependent Type-1 diabetic residing in Marquette, Michigan.

5. Defendant Michigan Department of Corrections ("MDOC") is a state entity that oversees Michigan state prisons and the parole and probation population in the state of Michigan. Defendant MDOC receives federal funds and is headquartered in Lansing, Michigan.

6. Defendant Heidi Washington is the Director of MDOC and was responsible for approving and promulgating the policy that injured Ms. House.

7. Defendant Shawn Brewer is the Warden of the Women's Huron Valley Correctional Facility ("WHVCF") and was responsible for enforcing the policy that injured Ms. House.

## FACTUAL ALLEGATIONS

8. Ms. House is an insulin-dependent Type-1 diabetic.

9. Ms. House was incarcerated by the Michigan Department of Corrections ("MDOC") in the Women's Huron Valley Correctional Facility ("WHVCF") from October 2, 2015 to July 19, 2017 for a non-violent conviction relating to controlled substances. Ms. House was discharged from supervision on July 19, 2018, after completing her parole obligations.

### *Defendants' Special Alternative Incarceration Facility ("SAI")*

10. Defendants run the Special Alternative Incarceration Facility ("SAI"), a program that is intended to provide an alternative to regular prison conditions for qualified inmates.

11. Inmates who successfully complete the SAI program are eligible for early release.

12. The SAI program requires that a prisoner be physically able to participate in the program.

13. The MDOC promulgated a "Clearance Criteria" policy that Defendants use to determine whether an individual is physically able to participate in the SAI program.

14. The "Clearance Criteria" categorically bars any applicant from the SAI program who has certain health conditions, regardless of the applicant's individual circumstances.

15. Under the "Clearance Criteria," "Patients with diabetes controlled with insulin" (Type-1) are excluded from participation in the SAI Program. Other conditions that automatically disqualify applicants from the SAI program include hearing and/or visual impairment, hyperthyroid disease, and organ transplants.

16. Under the "Clearance Criteria," non-insulin-dependent (Type-2) diabetics who control their condition through oral medication are eligible for the SAI program's special "medically compromised" unit, so long as their condition is "in good control."

### *Defendants Denied Ms. House's Application to Defendants' SAI Solely on the Basis of Her Disability*

17. In the spring of 2016, while Ms. House was incarcerated, she applied to the SAI program.

18. Ms. House successfully completed all of the steps necessary to be granted entry into the SAI program, including obtaining judicial approval, before she arrived at the medical clearance stage of the application.

19. On or around June 15, 2016, Defendant MDOC informed Ms. House that she was denied access to the program due to "health reasons." Her denial was due to her condition, "diabetes controlled with insulin."

20. Defendants would not allow Ms. House to participate in the SAI program no matter how well her diabetes was managed.

21. The MDOC and the WHVCF did not perform an individualized assessment into Ms. House's condition to see whether it would prevent her from being physically able to complete the SAI program.

22. If Defendants had performed an individualized assessment of Ms. House, they would have discovered that her diabetes was well-controlled and would not have prevented her from successfully completing the SAI program.

23. Defendants' policy arbitrarily discriminates against individuals with certain disabilities, including Ms. House, solely on the basis of their disabilities.

24. Ms. House exhausted the grievance process at the MDOC and the WHVCF regarding this issue.

25. If Ms. House was accepted into SAI program, she could have been released at least six to twelve months prior to her actual release date.

26. Instead, Ms. House was denied the opportunity to receive an early release from prison and to participate in a potentially life-changing program, solely because she is an insulin-dependent diabetic.

**COUNT I:**
**DISABILITY DISCRIMINATION IN**
**VIOLATION OF THE MICHIGAN PERSONS WITH**
**DISABILITIES CIVIL RIGHTS ACT**
**(M.C.L. § 37.1101 *et seq.*)**

27. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

28. At all relevant times, Ms. House had a "disability" within the meaning of the PWDCRA.

29. Ms. House has a determinable physical or mental characteristic that substantially limits one or more major life activities.

30. Ms. House was regarded as having a disability by Defendants.

31. Ms. House was otherwise qualified to perform the requirements of the SAI program.

32. Ms. House was excluded from participating in and receiving the benefits of the SAI program solely by reason of her disability.

33. Ms. House's disability was unrelated to Ms. House's ability to utilize and benefit from the SAI program.

34. Had Ms. House been allowed to participate in the SAI program, Ms. House would have been released at least six to twelve months before her actual release date.

35. As a direct and proximate result of Defendants' wrongful acts and omissions, Ms. House sustained damages included but not limited to economic loss by way of loss of potential employment and emotional pain, suffering, and distress.

### COUNT II
### DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT
### (29 U.S.C. § 794)

36. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

37. Defendants receive Federal financial assistance.

38. Ms. House has a determinable physical or mental characteristic that substantially limits one or more major life activities.

39. Defendants regarded Ms. House as having a disability.

40. Ms. House was excluded from participating in and receiving the benefits of the SAI program solely by reason of her disability.

41. Ms. House was otherwise qualified to participate in the SAI program.

42. Had Ms. House been allowed to participate in the SAI Program, she would have been released at least six to twelve months before her actual release date.

43. As a direct and proximate result of Defendants' wrongful acts and omissions, Ms. House sustained damages included but not limited to economic loss by way of loss of potential employment and emotional pain, suffering, and distress.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assert jurisdiction over this action;

B.    Award damages to Ms. House for harm caused by Defendants' violations of law, in whatever amount is fair and just for the injuries sustained by Ms. House, including but not limited to actual damages for emotional distress, lost wages, punitive damages, exemplary damages;

C.    Award the reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees and costs.

## **DEMAND FOR A JURY TRIAL**

NOW COME Plaintiffs, by and through their counsel, and hereby demand a trial by jury as to all of those issues so triable as of right.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

DATED: JUNE 10, 2019

7