UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cora House,

    Plaintiff,

v.                                                                          Case No. 19-12154

Michigan Department of Corrections, *et.al*.,           Sean F. Cox
                                                                              United States District Court Judge
    Defendants.
_____/

**ORDER GRANTING MOTION TO REMAND AND REMANDING THIS CASE TO WASHTENAW COUNTY CIRCUIT COURT**

    Plaintiff originally filed this action in state court, alleging one claim under state law and one claim under federal law. Defendants removed this action to this Court based on the inclusion of a federal claim. Plaintiff filed a motion to remand, which the Court denied. (ECF No. 8). Thereafter, Plaintiff amended her complaint to remove the federal claim (ECF No. 10), and now moves again to remand this case to state court. (ECF No. 11). Defendants oppose this motion, arguing that Plaintiffs' amendment is manipulative and an attempt to forum shop. (ECF No. 13).

    Because the Court concludes that oral argument will not aid the decisional process, the Court **CANCELS** the scheduled hearing and **ORDERS** that the motion will be decided on the parties' briefing. E.D. Mich. LR 7.1(f)(2).

    In determining whether to exercise its discretion to retain jurisdiction over supplemental state-law claims, the Court must "consider and weigh several factors, including 'the values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-952 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The

Court "may also 'consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account' in determining whether the balance of the factors supports a remand of the state-law claims." *Id*. (quoting *Carnegie-Mellon*, 484 U.S. at 357). When all federal claims are eliminated before trial, "the balance of considerations usually will point to. . . remanding [the state law claims] to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996).

Plaintiff eliminated her federal claim only after the Court denied her previous motion to remand. Plaintiff clearly does not want litigate this case in federal court and she appears to have sacrificed her federal claim to give herself a better chance at returning to state court. This type of amendment is a form of forum manipulation, which supports the denial of this motion.

However, the remaining *Carnegie-Mellon* factors favor remand. This case is still in its early stages; discovery has just begun and the resolution of a dispositive motion or trial is months away. Although the Court is somewhat familiar with Plaintiff's allegations, the only decision it has rendered so far dealt with its own jurisdiction. Because the Court has not examined any substantive issues in this case, judicial economy would not be served by exercising jurisdiction over Plaintiff's state-law claim. And comity weighs against the idea of a federal court presiding over a non-diversity case that involves only state law, especially when the case has been narrowed to only state law this early in its existence. Considering the *Carnegie-Mellon* factors as a whole, the Court concludes that remand is appropriate.

Accordingly, the Court **GRANTS** Plaintiff's motion to remand. (ECF No. 11). The only federal claim having been eliminated, this case is **REMANDED** to Washtenaw County Circuit

Court.

**IT IS SO ORDERED**.

                                                             s/Sean F. Cox
                                                             Sean F. Cox
                                                             United States District Judge

Dated: February 7, 2020